Oscar Stilley Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed amendment to the constitution:
 (Popular Name) AN AMENDMENT TO ABOLISH THE STATE AND LOCAL SALES AND USE TAX ON USED GOODS, TO PROHIBIT THE INCREASE OF TAXES WITHOUT VOTER APPROVAL AT A GENERAL ELECTION, TO PROVIDE FOR A THREE YEAR STATUTE OF LIMITATIONS FOR ACTIONS TO RECOVER TAXES, BY THE TAXING AUTHORITY OR BY AN AGGRIEVED TAXPAYER, TO PROVIDE PROCEDURAL SAFEGUARDS FOR TAXPAYERS, AND FOR OTHER PURPOSES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION ABOLISHING THE STATE AND LOCAL SALES AND USE TAX ON USED GOODS; AUTHORIZING THE COLLECTION OF SALES AND USE TAX ON GOODS USED TO MAKE REMANUFACTURED GOODS, BUT NOT ON THE FULL PRICE OF THE REMANUFACTURED GOODS; PROVIDING THAT THIS AMENDMENT SHALL NOT BE CONSTRUED TO PREVENT THE IMPOSITION OF SALES AND USE TAX UPON OTHERWISE TAXABLE GOODS, OR THE SALE OR USE OF SAME, WHICH HAVE NOT BEEN PREVIOUSLY SUBJECT TO ANY SALES OR USE TAX BY ANY GOVERNMENT ENTITY; PROVIDING THAT THIS AMENDMENT SHALL NOT BE CONSTRUED TO PROHIBIT THE COLLECTION OF TAXES FOR WHICH LIABILITY ACCRUED PRIOR TO THE EFFECTIVE DATE OF THIS AMENDMENT; PROHIBITING THE IMPOSITION OR INCREASE OF ANY TAX, OR THE DIVERSION OF ANY FUEL TAXES OR OTHER REVENUE SOURCES PRESENTLY USED FOR ROAD OR BRIDGE CONSTRUCTION OR MAINTENANCE TO OTHER PURPOSES, WITHOUT THE APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS, OF THE STATE OR THE AFFECTED LOCAL GOVERNMENTAL ENTITY, FREELY VOTING AT THEIR ABSOLUTE UNFETTERED DISCRETION UPON THE ISSUE AT A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT THE REDUCTION OR ELIMINATION OF EXEMPTIONS OR CREDITS, OR THE CHANGING OF ANY LAW OR RULE WHICH RESULTS IN THE COLLECTION OF ADDITIONAL REVENUE FROM SOME OR ALL TAXPAYERS, SHALL BE DEEMED A TAX INCREASE TO THE EXTENT THAT SAID LAW RESULTS IN INCREASED TAX OR EXACTION; PROVIDING THAT THE TERM "MAJORITY OF THE QUALIFIED ELECTORS" MEANS A MAJORITY OF THE QUALIFIED ELECTORS WHO ACTUALLY APPEAR AND VOTE UPON THE PERTINENT QUESTION; ABOLISHING THE RULE AGAINST RECOVERY BACK OF VOLUNTARY PAYMENTS, AS APPLIED TO ILLEGAL EXACTIONS; PROVIDING FOR A THREE (3) YEAR STATUTE OF LIMITATIONS FOR THE CITIZENS' RECOVERY BACK OF ILLEGAL EXACTIONS, AND FOR A THREE (3) YEAR STATUTE OF LIMITATIONS ON ALL CIVIL, CRIMINAL, OR OTHER ACTIONS BY ANY STATE OR LOCAL GOVERNMENT TO COLLECT DELINQUENT TAXES; PROVIDING THAT IN ANY ILLEGAL EXACTION LAWSUIT, ALL PERSONS SIMILARLY SITUATED TO THE NAMED PLAINTIFF SHALL BE ENTITLED TO RECOVER BACK ANY SUMS FOUND TO HAVE BEEN ILLEGALLY EXACTED, LESS COSTS AND REASONABLE ATTORNEY'S FEES; DEFINING ILLEGAL EXACTION TO INCLUDE ILLEGAL, ERRONEOUS, OR EXCESSIVE IMPOSITION, LEVYING, ASSESSMENT, OR COLLECTION OF TAX OR ENFORCED GOVERNMENTAL OR QUASI GOVERNMENTAL EXACTIONS OF ANY KIND WHATSOEVER, PROVIDED, HOWEVER, THAT SUCH SHALL NOT INCLUDE ANY LEGAL TAX IF THE TAXING AUTHORITY REASONABLY ATTEMPTED TO COMPLY WITH ALL LAWS, REGULATIONS, AND REQUIREMENTS FOR THE ASSESSMENT OR COLLECTION OF TAX, AND THE CIRCUMSTANCES ARE SUCH THAT THE TAXPAYERS IN FAIRNESS AND EQUITY OUGHT NOT TO ESCAPE LIABILITY FOR THE TAX; PROVIDING THAT SOVEREIGN IMMUNITY, FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, FAILURE TO APPROPRIATE MONEY FOR REPAYMENT, OR PAYMENT OVER TO ANOTHER ENTITY, CONSTITUTE NO DEFENSES TO AN ACTION FOR ILLEGAL EXACTION; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING AND SHALL TAKE EFFECT IMMEDIATELY, EXCEPT AS OTHERWISE PROVIDED; PROVIDING THAT ALL PROTECTIONS FOR THE TAXPAYER, RELATED TO LITIGATION, SHALL APPLY TO ALL ACTIONS BROUGHT TO JUDGMENT AFTER THE DATE OF PASSAGE OF THIS AMENDMENT, EXCEPT AS TO ACTIONS IN WHICH A NEW TRIAL WOULD BE REQUIRED IN ORDER TO DETERMINE FACTS ESSENTIAL TO THE JUDGMENT, OR ACTIONS IN WHICH THE JUDGMENT WAS ALREADY FINAL ON THE DATE OF THE PASSAGE OF THIS AMENDMENT; AND FOR OTHER PURPOSES.
You have previously submitted popular names and ballot titles for similar proposed measures, which I rejected on the grounds of certain ambiguities in the text of the proposed measures. See Op. Att'y Gen. Nos. 2000-057, 2000-018, 1999-411, 99-259, and 99-200. You also submitted a popular name and ballot title for a proposed measure entitled "Taxpayers' Bill of Rights," portions of which were similar to portions of the measure that is the subject of this opinion. I also rejected that popular name and ballot title on the ground of various ambiguities in the text of the proposed measure. See Op. Att'y Gen. No. 99-197.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having applied the above precepts to your proposed popular name and ballot title, it is my conclusion that your proposed popular name should be and hereby is approved. However, I conclude that a more suitable, complete, and correct ballot title should be substituted for the one you proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION ABOLISHING THE STATE AND LOCAL SALES AND USE TAX ON USED GOODS; AUTHORIZING THE COLLECTION OF SALES AND USE TAX ON GOODS USED TO MAKE REMANUFACTURED GOODS, BUT NOT ON THE SALE PRICE OR MAKET VALUE OF THE REMANUFACTURED GOODS; PROVIDING THAT THIS AMENDMENT SHALL NOT BE CONSTRUED TO PREVENT THE IMPOSITION OF SALES AND USE TAX UPON OTHERWISE TAXABLE GOODS, OR THE SALE OR USE OF SAME, WHICH HAVE NOT BEEN PREVIOUSLY SUBJECT TO ANY SALES OR USE TAX BY ANY GOVERNMENT ENTITY; PROVIDING THAT THIS AMENDMENT SHALL NOT BE CONSTRUED TO PROHIBIT THE COLLECTION OF TAXES FOR WHICH LIABILITY ACCRUED PRIOR TO THE EFFECTIVE DATE OF THIS AMENDMENT; PROHIBITING THE IMPOSITION OR INCREASE OF ANY TAX, OR THE DIVERSION OF ANY FUEL TAXES OR OTHER REVENUE SOURCES PRESENTLY USED FOR ROAD OR BRIDGE CONSTRUCTION OR MAINTENANCE TO OTHER PURPOSES, WITHOUT THE APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS, OF THE STATE OR THE AFFECTED LOCAL GOVERNMENTAL ENTITY, FREELY VOTING AT THEIR ABSOLUTE UNFETTERED DISCRETION UPON THE ISSUE AT A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT THE REDUCTION OR ELIMINATION OF EXEMPTIONS OR CREDITS, OR THE CHANGING OF ANY LAW OR RULE WHICH RESULTS IN THE COLLECTION OF ADDITIONAL REVENUE FROM SOME OR ALL TAXPAYERS, SHALL BE DEEMED A TAX INCREASE TO THE EXTENT THAT SAID LAW RESULTS IN INCREASED TAX OR EXACTION; PROVIDING THAT THE TERM "MAJORITY OF THE QUALIFIED ELECTORS," AS USED IN THIS AMENDMENT, MEANS A MAJORITY OF THE QUALIFIED ELECTORS WHO ACTUALLY APPEAR AND VOTE UPON THE PERTINENT QUESTION; ABOLISHING THE RULE AGAINST RECOVERY BACK OF VOLUNTARY PAYMENTS, AS APPLIED TO ILLEGAL EXACTIONS; PROVIDING FOR A THREE (3) YEAR STATUTE OF LIMITATIONS FOR THE CITIZENS' RECOVERY BACK OF ILLEGAL EXACTIONS, AND FOR A THREE (3) YEAR STATUTE OF LIMITATIONS ON ALL CIVIL, CRIMINAL, OR OTHER ACTIONS BY ANY STATE OR LOCAL GOVERNMENT TO COLLECT DELINQUENT TAXES; PROVIDING THAT IN ANY ILLEGAL EXACTION LAWSUIT, ALL PERSONS SIMILARLY SITUATED TO THE NAMED PLAINTIFF SHALL BE ENTITLED TO RECOVER BACK ANY SUMS FOUND TO HAVE BEEN ILLEGALLY EXACTED, LESS COSTS AND REASONABLE ATTORNEY'S FEES, UPON SUCH CONDITIONS AS THE COURT MAY FIND JUST; EXPANDING THE DEFINITION OF ILLEGAL EXACTION TO INCLUDE NOT ONLY ILLEGAL IMPOSITION, LEVYING, ASSESSMENT, OR COLLECTION OF TAX OR ENFORCED GOVERNMENTAL OR QUASI GOVERNMENTAL EXACTIONS, BUT ALSO ERRONEOUS OR EXCESSIVE IMPOSITION, LEVYING, ASSESSMENT, OR COLLECTION OF TAX OR ENFORCED GOVERNMENTAL OR QUASI GOVERNMENTAL EXACTIONS OF ANY KIND WHATSOEVER, PROVIDED, HOWEVER, THAT SUCH SHALL NOT INCLUDE ANY LEGAL TAX IF THE TAXING AUTHORITY REASONABLY ATTEMPTED TO COMPLY WITH ALL LAWS, REGULATIONS, AND REQUIREMENTS FOR THE ASSESSMENT OR COLLECTION OF TAX, AND THE CIRCUMSTANCES ARE SUCH THAT THE TAXPAYERS IN FAIRNESS AND EQUITY OUGHT NOT TO ESCAPE LIABILITY FOR THE TAX; PROVIDING THAT SOVEREIGN IMMUNITY, FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, FAILURE TO APPROPRIATE MONEY FOR REPAYMENT, OR PAYMENT OVER TO ANOTHER ENTITY, CONSTITUTE NO DEFENSES TO AN ACTION FOR ILLEGAL EXACTION; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING AND SHALL TAKE EFFECT IMMEDIATELY, EXCEPT AS OTHERWISE PROVIDED; PROVIDING THAT ALL PROTECTIONS FOR THE TAXPAYER, RELATED TO LITIGATION, SHALL APPLY TO ALL ACTIONS BROUGHT TO JUDGMENT AFTER THE DATE OF PASSAGE OF THIS AMENDMENT, EXCEPT AS TO ACTIONS IN WHICH A NEW TRIAL WOULD BE REQUIRED IN ORDER TO DETERMINE FACTS ESSENTIAL TO THE JUDGMENT, OR ACTIONS IN WHICH THE JUDGMENT WAS ALREADY FINAL ON THE DATE OF THE PASSAGE OF THIS AMENDMENT; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure